(64 App. Div. 538.)

ABRAMS v. BRAUNSTEIN.

(Supreme Court, Appellate Division, Second Department. October 18, 1901.)

SALE—RIGHT TO COMMISSION—EVIDENCE—HEARSAY.

In an action by an agent for commission for selling a store, the purchaser's conversation with a third party before the sale, plaintiff not being present, is incompetent, as hearsay.

Appeal from municipal court, borough of Brooklyn, Third district.

Action by Samuel Abrams against Alexander Braunstein. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles J. Belfer, for appellant.
Francis A. McCloskey, for respondent.

SEWELL, J. This action was brought by the plaintiff to recover commissions alleged to have been earned by him as defendant's broker in effecting the sale of his drug store in the borough of Brook-

lyn. The principal points litigated were whether the defendant employed the plaintiff, and whether the plaintiff was the efficient cause of the sale. The court found in favor of the defendant upon conflicting testimony, and, were it not for the introduction of improper evidence, we should not be inclined to disturb its decision. Leon Lourie, the holder of a mortgage upon the premises, was called as a witness by the defendant, and was permitted to testify to a conversation with the purchaser a short time before the sale, which tended to corroborate the evidence of the defendant that the purchaser was not introduced by the plaintiff, and that the sale was made by his own efforts, and not through the instrumentality of the plaintiff. He testified that:

"During the first part of October Mr. Meyer came over to my residence, and told me that he would like to speak to me about business, and stated that he was going to buy the store in Grand street, as I was the owner of it, as well as Mr. Braunstein, who was known to Mr. Meyer. I have seen Mr. Braunstein in my residence the night previous, and I was greatly surprised to hear it, and asked him if he saw Mr. Braunstein, and he said: 'Yes. I was going to open a new store, and looking for a store upon Grand street, and I came over to Mr. Braunstein, and we had a talk together, and I understood that at present we two would not do much business in the immediate neighborhood.' Q. This is what Mr. Meyer said? (Same objection, ruling, and exception.) A. Yes, sir; Mr. Meyer told me: 'Anyway, I would,' he said, 'not like to be a direct competitor of Mr. Braunstein.' So, in course of conversation, he said, 'Well, if you are very anxious to have a store upon Grand street, buy mine.'"

This conversation was in the absence of the plaintiff, and under well-settled principles it was clearly hearsay, and incompetent. It was not part of the res gestæ, but a mere declaration of statements made by a third person, with which the plaintiff was not chargeable. We are not able to say that this evidence did not affect the result. For this error we feel compelled to direct a reversal of the judgment, and a new trial; costs to abide the event. All concur.

