COPP v. GABLER.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. SALES—ACTION FOR PRICE—EVIDENCE—DECLARATIONS—ADMISSIBILITY.

Where the issue in an action for the price of building materials was whether the materials had been sold to defendant, or to the one on whose premises they were delivered, and there was no claim that the one owning the premises had ever acted as agent for defendant, it was error to admit evidence that when plaintiff received a payment from the owner of the premises the owner stated, defendant not being present, that he would pay it on defendant's account.

Appeal from Trial Term, Queens County.

Action by Charles W. Copp against John C. Gabler. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jacob Gordon, for appellant.
Arthur Van Dewater, for respondent.

HOOKER, J. The complaint alleges a cause of action against the defendant for goods, wares, and merchandise sold and delivered of the value of $345.99, which the defendant promised to pay, and that no part of the same has been paid except the sum of $100. The answer is a general denial. On the trial it was stipulated between the parties that the lumber and other building material mentioned in the complaint were delivered to the defendant, and that the value thereof is as stated in the complaint, and that the only issue to be tried is to whom the goods, the lumber, and other building material were sold. The defendant did not purchase the goods of the plaintiff in person. His agent, Allen, opened negotiations with the plaintiff's business house for the supplying of this lumber, which was delivered upon the promise of one Peck, for the erection of a building for the latter. The plaintiff relies especially upon an instrument in writing which he claims was a contract between Peck and the defendant, by the terms of which the defendant agreed to build for Peck

the structure for which the lumber and other materials were supplied, "and supply all labor and material" for the same for a given sum of money. Allen, the defendant's agent, testified in behalf of his principal that he made arrangements with .those in charge of the plaintiff's business that credit for the lumber and building materials was to be given and extended to Peck. There was evidence on both sides of the controversy, and all of the testimony presented a clean-cut question of fact, whose solution by the jury could not have been otherwise than difficult on account of the evenly balanced weight of evidence, and, were it not for the error in the admission of the evidence, which we will discuss, the judgment should be affirmed. There was no dispute upon the trial that $100 had been paid in part satisfaction of the plaintiff's demand, and it developed that Peck had paid this sum himself. On the redirect examination of the plaintiff he was asked this question: "What conversation was had between you and Mr. Peck at the time he paid you that money?" This was objected to as incompetent, irrelevant, and hearsay, and not binding on the defendant. The learned trial court overruled the objection, and defendant excepted. The witness then answered: "Mr. Peck brought in a check for $100, and said that he would pay that on Mr. Gabler's account. Q. Mr. Gabler had told him to pay that money? A. That is the way I got it." The issue that was litigated presented the question whether the goods were sold to Peck or defendant, Gabler, and a statement by Peck to the plaintiff that he would pay $100 on Mr. Gabler's account, and that Gabler had told him to pay that money, was hearsay. The conversation was in the absence of the defendant, and under well-settled principles was clearly incompetent. As Mr. Justice Sewell remarked in Abrams v. Braunstein, 64 App. Div. 538, 539, 72 N. Y. Supp. 298, speaking of similar evidence, "It was not part of the res gestæ, but a mere declaration of statements made by a third person, with which the plaintiff was not chargeable;" and the judgment in that case was reversed for the reception of that character of evidence. No claim was made that Peck was acting in any manner in this transaction, or any other, as agent for the defendant, Gabler, or had authority to represent him in this payment, or to speak for him in the transaction; and no evidence is to be found, after a careful examination of the record, to support such a contention. We cannot say that the reception of the evidence did not affect the result. For·this error the judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.